# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**STEW FARM, LTD.,**

      **Plaintiff,**

                                                  **Case No.: 2:12-CV-0299**

**-v-**                                                    **JUDGE SMITH**

                                                    **Magistrate Judge Deavers**

**THE NATURAL RESOURCE
CONSERVATION SERVICE,** *et al.***,**

      **Defendants.**

## OPINION AND ORDER

Plaintiff Stew Farm, Ltd. brings this action for money damages and declaratory judgment against the Natural Resources Conservation Service, the Pickaway County Soil and Water Conservation District, and private Defendants Watershed Management, LLC, Carl Hamman, and Douglas Kohli.  This matter is before the Court on Defendant Natural Resources Conservation Service's Motion to Dismiss (Doc. 16), Defendants Watershed Management, LLC and Carl Hamman's Motion for Judgment on the Pleadings (Doc. 17) and Motion to Dismiss the First Amended Complaint (Doc. 43), Defendant Pickaway County Soil and Water Conservation District's Motion to Dismiss for Lack of Jurisdiction (Doc. 30), and Defendant Douglas Kohli's Motion to Dismiss for Failure to State a Claim (Doc. 42).  All of the motions are fully briefed and ripe for review.  For the reasons that follow, all of the Defendants' Motions are **GRANTED**.

## I.  BACKGROUND

Plaintiff Stew Farm is an Ohio limited liability company whose principal place of business is located in Pickaway County, Ohio.  Plaintiff is the owner of an approximately 300 acre farm located off Caldwell Road in Pickaway County ("the Farm").  (Am. Compl. ¶¶ 1, 21).  Defendant The Natural Resources Conservation Service (Natural Resources), formerly known as the Soil Conservation Service, is an agency within the United States Department of Agriculture that works with landowners, state and local governments, and other federal agencies to provide conservation planning and assistance on private lands to benefit the soil, water, air, plants, and animals.  *See* 7 U.S.C. § 6962 (authorizing Secretary of Agriculture to establish and maintain Natural Resources Conservation Service); 7 C.F.R. Parts 600 (Organization) and 601 (functions assigned); *see also* "About NRCS – A Legacy of Conservation" available at http://www.nrcs.usda.gov/wps/portal/nrcs/main/national/about/.

Defendant the Pickaway County Soil and Water District ("Pickaway County"), is an instrumentality of the State of Ohio and Pickaway County that shares office space with Natural Resources, and its employees are supervised by employees of Natural Resources.  (Am. Compl. ¶ 3).  Defendant Doug Kohli is an employee of Pickaway County and has served as a district technician in the offices of Pickaway County and Natural Resources.  Mr. Kohli was responsible for supervising the projects at issue in this case.  (Am. Compl. ¶ 4).  Defendant Watershed Management, LLC ("Watershed") is an Ohio limited liability company that conducts business in Ohio, including Pickaway County.  (Am. Compl. ¶ 5).  Defendant Carl Hamman is an owner or manager of Watershed and made certain representations regarding the issue in this case.  (Am. Compl. ¶ 6).  Plaintiff Stew Farms seeks money damages and declaratory relief from the aforementioned Defendants based on the installation of grassed waterways for a previous owner,

2

John Neff, by Defendant Watershed.

In 2008, Stew Farm purchased its farm from John Neff.  Mr. Neff began experiencing drainage and erosion problems on the Farm after a township road project in 2005 altered the flow of the water in the area.  Mr. Neff discussed the issue with the Pickaway County Engineer and the Township Trustees, and Mr. Kohli.  Kohli suggested the construction of two grass waterways on the Fram to prevent further erosion of the Farm.  Kohli had explained that Neff could receive federal funding for up to 90 percent of the cost of construction as well as rental fees for maintaining the land in a conservation use.  Neff and Watershed Management entered into an oral contract whereby Watershed Management agreed to charge Neff the same amount as Neff would be reimbursed from the federal government for installing the waterways, plus any additional fees for extra materials or required work.  Kohli designed the waterways and Watershed Management finished the work.  Kohli examined the waterways and certified they were constructed as designed and working properly.  Kohli forwarded his plans and certification to Defendant Natural Resources, which agreed with Kohli's assessments and certified that the waterways were satisfactorily completed so that Neff could receive federal reimbursement.  *See Watershed Mgmt. LLC v. Neff*, 2012 WL 832829, ** 1–2 (Ohio Ct. App. Mar. 8, 2012).

Neff also certified that the waterways had been constructed as designed and requested federal reimbursement.  Federal reimbursement was approved and the funds were paid to Neff.  But Neff did not pay his bill to Watershed, believing there was a lip, or ridge, along the edge of the grassed waterways that prevented his fields from draining.  In April 2009, Watershed filed a breach of contract action against Neff in the Court of Common Pleas in Pickaway County since Neff had not paid for the work.  *Id.* at *2; *Watershed Mgmt. LLC. v. Neff*, 2009-CI-0188 (Ex. A, LLC Trial Ct. Docket Sheet).  In May 2009, Neff counterclaimed for breach of contract and

3

breach of warranty.  *Id.*  Neff failed to present any evidence of damages due to the waterways he claimed were defective, so the court granted summary judgment to Watershed on Neff's counterclaims.  The court of appeals affirmed the trial court's judgment for Watershed Management on Neff's counterclaims.  *Watershed Mgmt.*, 2012 WL 832829 at **9–10.

At the same time Neff filed his counterclaims in May 2009, Plaintiff Stew Farm moved to intervene in the action.  Ex. A (May 20, 2009 Trial Court Docket Entry).  The trial court denied Stew Farm's motion.  The trial court found that the dispute between Neff and Watershed was about the contract to construct the waterways and that Stew Farm was unrelated to that transaction and had not demonstrated any entitlement to intervene.  *Watershed Mgmt.*, 2012 WL 832829, at *3.  Plaintiff Stew Farm then initiated this action in April 2012, one month after the Ohio Court of Appeals issued its decision affirming in part, reversing in part, and remanding to the Court of Common Pleas, Pickaway County in *Watershed Mgmt. LLC v. Neff*, 2012 WL 832829, ** 1–2 (Ohio Ct. App. Mar. 8, 2012).  Despite knowing about the state court dispute no later than May 2009 when it tried to intervene, Stew Farm alleges that it first learned in August, 2010 that "the Waterways were not properly designed by Defendants NRCS, PCSWD, Mr. Kohli  and/or its TSP."  (Am. Compl. ¶ 50).  Plaintiff further alleges that Defendants failed to properly inspect and improperly certified the work on the waterways and violated applicable federal law.  (Am. Compl. ¶¶ 50-57).

Stew Farm alleges that Defendant Watershed was a Natural Resources "Technical Service Provider" ("TSP").  According to Stew Farm, the TSP is directly responsible to the landowner for the failures of the services they provide, and Natural Resources and Pickaway County are responsible for supervising and certifying that the project was constructed and installed in accordance with "applicable federal law."

4

## II.    STANDARDS OF REVIEW

### A.    Rule 12(b)(1)

Rule 12(b)(1) provides that an action may be dismissed for lack of subject matter jurisdiction. Under the Federal Rules of Civil Procedure, "[p]laintiffs have the burden of proving jurisdiction in order to survive a Rule 12(b)(1) motion . . . ." *Weaver v. Univ. of Cincinnati*, 758 F. Supp. 446, 448 (S.D. Ohio 1991) (citing *Moir v. Greater Cleveland Reg' Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)).  *See also Rapier v. Union City Non-Ferrous, Inc.*, 197 F. Supp. 2d 1008, 1012 (S.D. Ohio 2002) (citing *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 189 (1936); *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)) ("The plaintiff bears the burden of establishing, by a preponderance of the evidence, the existence of federal subject matter jurisdiction").

Motions under Rule 12(b)(1) generally come in two varieties, either facial or factual attacks on the complaint.  *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  A facial attack on the subject matter jurisdiction alleged by a complaint merely questions the sufficiency of the pleading. *Id.* In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, a similar safeguard employed under Rule 12(b)(6) motions to dismiss.  *Id.* On the other hand, when a court reviews a complaint under a factual attack, no presumptive truthfulness applies to the factual allegations.  *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *see also Nat'l Ass'n of Minority Contractors v. Martinez*, 248 F. Supp. 2d 679, 681 (S.D. Ohio 2002). As a result, this Court may weigh the evidence and resolve any factual disputes when adjudicating such a jurisdictional challenge.  *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (citing *Moir*, 895 F.2d at 269).

### B.    Rule 12(b)(6)

5

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a lawsuit for "failure to state a claim upon which relief can be granted."  A Rule 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it.  *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983).  The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim.  Consequently, a complaint will be dismissed pursuant to Rule 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief.  *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978).  Rule 12(b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure, which requires the complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"

A court, in considering a 12(b)(6) motion to dismiss, must "construe the complaint in the light most favorable to the plaintiff," accepting as true all the plaintiff's factual allegations. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).  Although in this context all of the factual allegations in the complaint are taken as true, a court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Furthermore, to survive dismissal pursuant to Rule 12(b)(6), a claim must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Twombly*, at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, at 1950.  While a complaint need not contain "detailed factual allegations," its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the

6

complaint are true." *Twombly*, at 555. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.' " *Iqbal*, at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). In the final analysis, the task of determining plausibility is "context-specific [and] requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.   DISCUSSION

All of the Defendants have moved to dismiss Plaintiff's claims against them raising different grounds for dismissal. The Court will address each of the motions in turn.

### A.    Defendant Natural Resources' Motion to Dismiss

Defendant Natural Resources moved under Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss for lack of subject matter jurisdiction, or alternatively under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Specifically, Defendant argues that Stew Farm fails to allege a waiver of sovereign immunity for its claims for money damages and declaratory relief and therefore this Court lacks subject matter jurisdiction over those claims.

"Jurisdiction over any suit against the [United States] Government requires a clear statement from the United States waiving sovereign immunity . . . together with a claim falling within the terms of the waiver." *CareToLive v. von Eschenbach*, 525 F. Supp. 2d 938, 950 (S.D. Ohio 2007), aff'd sub nom., *CareToLive v. Eschenbach*, 290 F. App'x 887 (6th Cir. 2008) (citing *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472, 123 S. Ct. 1126, 155 L. Ed. 2d 40 (2003)). The United States may not be sued without its consent, and consent is a prerequisite to jurisdiction. *Id.* (citing *United States v. Mitchell*, 463 U.S. 206, 212, 103 S. Ct. 2961, 77 L. Ed. 2d 580 (1983)); *Reed v. Reno*, 146 F.3d 392, 398 (6th Cir. 1998) ("The United States can be sued only when it has

7

expressly given its consent to be sued.") (internal quotation marks and citation omitted)).  A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *Id.* (citing *Mitchell*, 463 U.S. at 239; *Reed*, 146 F.3d at 398).  Absent an express waiver of sovereign immunity, the district court lacks jurisdiction over a claim against the United States.  *Id.* (citing *Mitchell*, 463 U.S. at 212).  The plaintiff has the burden to identify a waiver of sovereign immunity in order to proceed with a claim against the United States.  *Id.* (citing *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000)).  *Id.*  If the plaintiff cannot identify a waiver, his claim must be dismissed for lack of jurisdiction.  *Id.* (citing *Reetz*, 224 F.3d at 795).

### 1.      Plaintiff's Claims for Money Damages

Plaintiff acknowledges that Defendant Natural Resources' arguments regarding sovereign immunity as to money damages are valid with the exception of the "Little Tucker Act", 28 U.S.C. § 1346(a)(2).  The Little Tucker Act, 28 U.S.C. § 1346(a)(2), provides federal district courts with jurisdiction that is concurrent with the Federal Court of Claims for most non-tort actions brought against the United States for claims of relief less than ten thousand dollars.  That statute specifically provides:

> The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:
> . . .
> (2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort, except that the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort which are subject to sections 7104(b)(1) and 7107(a)(1) of title 41. . . .
> 28 U.S.C. § 1346(a)(2).

The Little Tucker Act does not "create substantive rights" but is "simply [a] jurisdictional

8

provision that operates to waive sovereign immunity for claims premised on other sources of law." *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009). The jurisdiction, conferred by the Little Tucker Act, to hear and determine express or implied contracts with the United States, extends only to contracts either express or implied in fact, and not to claims on contracts implied in law. *Hercules Inc. v. United States*, 516 U.S. 417, 423, 116 S. Ct. 981, 134 L. Ed. 2d 47 (1996). "Under the Tucker Act, the United States consents to be sued only by those with whom it has privity of contract." *Eubanks v. United States*, 25 Cl. Ct. 131, 137 (1992) (citing *Erickson Air Crane Co. v. United States*, 731 F.2d 810, 813 (Fed. Cir. 1984)); *United States v. Johnson Controls, Inc.,* 713 F.2d 1541, 1550-51 (Fed. Cir. 1983)). "[T]he plaintiff [must] provide 'evidence of the existence of some type of contract between it and the United States,' [or] it cannot[] . . . recover directly from the United States." *Id.* at 1550 (quoting *Putnam Mills Corp. v. United States*, 202 Ct. Cl. 1, 8, 479 F.2d 1334, 1337 (1973)). It is axiomatic that "if the United States is not a named party to a contract, jurisdiction cannot be asserted against it as a party unless the person entering into the contract was acting within the scope of his authority to bind the United States. *Id.* at 138 (citing *Porter v. United States*, 496 F.2d 583, 204 Ct. Cl. 355, 360 (1974)), cert. denied, 420 U.S. 1004, 95 S. Ct. 1446, 43 L. Ed. 2d 761 (1975); *D.R. Smalley & Sons, Inc. v. United States*, 372 F.2d 505, 178 Ct. Cl. 593, 598, cert. denied, 389 U.S. 835, 88 S. Ct. 45, 19 L. Ed. 2d 97 (1967)). "[I]t is well settled . . . that a local authority does not become an agent of the federal government due to a federal agency's control and supervision of grant funds." *Id.* (quoting *DeRoche v. United States*, 2 Cl. Ct. 809, 812 (1983)).

Plaintiff Stew Farm asserts that applicability of the "Little Tucker Act" is "self evident." (Pl.'s Response at 11). Defendant Natural Resources, however, argues that Plaintiff fails to meet the foundational requirements necessary for its damages claims to come within the jurisdictional

reach of the Little Tucker Act: identifying a "money mandating" source of substantive law; alleging that its damages are at or under the district court jurisdictional threshold of $10,000; and privity of contract.  The Court agrees.

Plaintiff Stew Farm has not identified a separate source of substantive law which mandates the federal government to compensate a landowner for alleged damages stemming from the grassed waterway design and construction.  Instead, Plaintiff generally alleges that Defendant Natural Resources has violated "Federal Laws" which are identified as: the Food and Security Act of 1985; the Farm Security and Rural Investment Act of 2002; the Food Conservation and Energy Act of 2008; the Watershed Protection and Flood Prevention Act of 1954; the Flood Control Act of 1944; 7 CFR 652; 5 CFR 2635; 28 U.S.C. Section 1346 (a)(2) (the "Little Tucker Act"); 5 U.S.C. Section 702; The Conservation Reserve Program as governed by the Farm Bills; The Natural Resource and Conservation Service Standard 412; Part 652 of Title 7 of the United States Code; and Subpart B of Section OH505.10(b).  However, Plaintiff fails to specifically identify the law that mandates payment to Plaintiff for the alleged damages.

Next, despite failing to state damages under $10,000 in the original complaint, in its Amendment Complaint, Plaintiff did add that it was seeking "an award of compensatory damages and consequential damages in an amount to be determined at trial, but not in excess of $10,000 and as otherwise specifically provided for in the Little Tucker Act."  (Am. Compl. ¶ 92).  Therefore, Plaintiff has met this foundational requirement.

Finally, Plaintiff cannot establish that Defendant Natural Resources was a party to the contract between Neff and Watershed, nor does it allege a breach of any contract in which Stew Farm has privity with the United States.  The federal government's role in the project involved supervision and funding, however, that does not create privity of contract.  *See Fabrizi Trucking &*

10

*Paving Co., Inc. v. Portage*, 2012 U.S. Dist. LEXIS 182971, *9 (N.D. Ohio Dec. 28, 2012) (granting USDA's motion to dismiss where it was not a party to the contract; "the complaint's allegations that the USDA funded the project in this case and participated in its management are insufficient to infer an agency relationship between the County and the USDA, such that the County could bind the United States"). Accordingly, the Little Tucker Act does not provide a basis on which Plaintiff can proceed in seeking monetary damages against Defendant Natural Resources.

### 2. Plaintiff's Claims for Declaratory Relief

Plaintiff Stew Farm requests the following declaratory/mandamus relief as to Defendant Natural Resources and Defendant Pickaway County:

> a. That the employees and agents of NRCS and PCSWD, including but not limited to those within Pickaway County, Ohio and their TSPs be required to fully comply with their obligations under federal law, including but not limited to the Federal Laws, in respect of the design and supervision of waterways and other soil and water conservation projects under their jurisdiction;
> b. That the employees of NRCS and PCSWD, including but not limited to those within Pickaway County, Ohio and their TSPs be ordered to properly supervise the work performed by any TSP, including but not limited to Watershed and Mr. Hamman in accordance with applicable federal law including the Federal Laws;
> c. That NRCS, PCSWD and any other governmental body that has supervised work done by Watershed or Mr. Hamman and/or allowed them to do design work on projects as a TSP or otherwise be ordered to conduct an audit and inspection of any work performed by them to determine if those projects were engineered and completed in accordance with applicable federal law, including the Federal Laws;
> d. That Watershed and Mr. Hamman be required to account for and return all governmental monies received directly or indirectly by them for work they designed or completed, that was not properly designed or constructed in accordance with applicable federal law including the Federal Laws;
> e. That the Defendants and their employees be ordered to cease and desist in the violation of and fully comply with the Federal Laws; and
> f. That all of the Defendants should be required to correct the deficiencies in the Waterways such that they are in full compliance with the Federal Laws, including but
> not limited to the Applicable Construction Requirements and the Initial Requirements.

(Am. Compl. pp. 17-18).

Plaintiff Stew Farm alleges that the requested non-monetary relief falls under the Administrative Procedure Act's ("APA") waiver of sovereign immunity in 5 U.S.C. § 702.  The Sixth Circuit has held that the § 702 waiver of sovereign immunity is a general waiver of immunity for non-monetary claims.  *United States v. City of Detroit*, 329 F.3d 515, 520-21 (2003) (en banc) (holding that § 702 applied to case seeking to compel agency to accept dredged waste to prevent frustration of consent judgment designed to address water pollution).  However, the waiver of sovereign immunity in the APA is not an independent grant of subject matter jurisdiction, therefore, the plaintiff must still establish an independent grant of subject matter jurisdiction, in addition to the waiver of sovereign immunity.  *See Lunney v. United States*, 319 F.3d 550, 557-58 (2d Cir. 2003) (citing *Your Home Visiting Nurse Serv's, Inc. v. Shalala*, 525 U.S. 449, 457-58 (1998)).

Defendant Natural Resources argues that its conduct is "committed to agency discretion by law" making Plaintiff's reliance on the § 702 waiver is inapplicable.  (Def.'s Reply at 5).  Plaintiff relies on *Melissa Industrial Development Corp. v. North Collin Water Supply Corp.*, 256 F. Supp. 2d 557 (E.D. Texas 2003) in support of its argument that its claims for declaratory relief are reviewable under the § 702 waiver.  However, Defendant counters that Plaintiff does not discuss any statutory language or regulatory language providing "clear guidelines" that Natural Rescources violated.  The Court agrees with Defendant.  In *Melissa Industrial,* the USDA allegedly approved a loan application in violation of specific statutory guidelines for approval.  In that case, there were clear statutory guidelines that the USDA allegedly violated.  There are no such allegations in this case.  Accordingly, Plaintiff has failed to establish a waiver of sovereign immunity to obtain declaratory judgment against Defendant Natural Resources.

Based on the aforementioned, Plaintiff Stew Farm has failed to meet its burden of establishing a waiver of sovereign immunity under which its claims against Defendant Natural

Resources can be brought.  Accordingly, Plaintiff's claims against Defendant Natural Resources are hereby dismissed for lack of subject matter jurisdiction.

**B.     Defendants Watershed and Hamman's Motion for Judgment on the Pleadings and Motion to Dismiss**

The Watershed Defendants argue that Plaintiff failed to cite any federal law that provides it with a private cause of action against Watershed.

The Watershed Defendants argue that Stew Farm has failed to point out the specific federal law that supports its claims against them.  Plaintiff Stew Farm has invoked this Court's subject matter jurisdiction to hear claims arising under federal law under 28 U.S.C. § 1331.  The Sixth Circuit has observed that the "arising under" gateway into federal court under 28 U.S.C. § 1331 "has two distinct portals: 1) litigants whose causes of action are created by federal law, and 2) state-law claims that implicate significant federal issues." *Hampton v. R.J. Corman R.R. Switching Co. LLC*, 683 F.3d 708, 711 (6th Cir. 2012).  Plaintiff asserts that this Court has subject matter jurisdiction because the Complaint alleges violations of federal laws by the Defendants.  However, none of the federal statutes that Plaintiff has cited in its Amended Complaint provide for a federal cause of action for the Plaintiff.  Moreover, under *Merrell Dow Pharmaceuticals v. Thompson*, 478 U.S. 804, 106 S. Ct. 3229, 92 L. Ed. 2dd 650 (1986), a complaint that alleges the violation of federal law as an element of a state law tort action does not "arise under" federal law under 28 U.S.C. § 1331.  This is the case here—Plaintiff's Complaint alleges a state tort claim premised on the violation of federal laws.  Such claims do not "implicate significant federal issues" under *Hampton* and *Merrell Dow*.

Plaintiff asserts that the farm bills contain provisions that establish procedures for the design, construction, and inspection of the waterways, but fails to specifically cite the relevant statute. Further, none of the Federal laws support a cause of action by Stew Farm against the Watershed

13

Defendants.  "[M]ere reference to federal statute does not establish federal jurisdiction unless a substantial, disputed question of federal law is a necessary element of a state cause of action. . . .a claim such as this one "based on state contract law, does not raise substantial or disputed questions of federal law."  *Michigan Southern R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 574 (6th Cir. 2002).  None of the claims asserted by Plaintiff implicate significant federal issues and therefore are not properly before this Court.

Accordingly, the Watershed Defendants' Motion to Dismiss is hereby granted.  Their Motion for Judgment on the Pleadings is denied as moot as it was filed prior to Plaintiff filing its Amendment Complaint.

## C.    Defendant Pickaway County's Motion for Judgment on the Pleadings

Defendant Pickaway County seeks judgment on the pleadings asserting that there is no federal jurisdiction for Plaintiff's claims.  The Court agrees.  As set forth above, Plaintiff's Amended Complaint alleges state tort claims premised on the violation of federal laws.  Defendant Pickaway County states and the Court agrees that "[t]his is a state tort law claim, period."  (Def.'s Reply at 1).  Accordingly, Plaintiff's claims against Defendant Pickaway County do not implicate significant federal issues and therefore must be dismissed.

Additionally, Defendant Pickaway County argues that Plaintiff's claims are barred by the two year statute of limitations set forth in Ohio Revised Code § 2744.04(A), which provides:

> (A)  An action against a political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function, whether brought as an original action, cross-claim, counterclaim, third-party claim, or claim for subrogation, shall be brought within two years after the cause of action accrues, or within any applicable shorter period of time for bringing the action provided by the Revised Code.  The period of limitation contained in this division shall be tolled pursuant to section 2305.16 of the Revised Code.  This division applies to actions brought against political subdivisions by all persons, governmental entities, and the state.

14

There is no dispute that Plaintiff's claims are governed by the two-year statute of limitations. *See Lisboa v. Reid*, 2011 Ohio 5842 (8th App. Dist. 2011) (Claims made against government subdivisions and their employees are governed by the two-year statute of limitations set forth in O.R.C. § 2744.04(A)); *see also Read v. City of Fairview Park*, 146 Ohio App. 3d 15, 20 (Two-year statute of limitations in O.R.C. § 2744.04(A) applies to tort claims against political subdivisions and their employees.).

The question is when did Plaintiff become of aware of the actions of Defendants that are alleged in this case. Plaintiff does not dispute that by May 20, 2009, it was aware of Neff's claims that the waterways were defective. Plaintiff attempted to intervene in the state lawsuit on that date. However, Plaintiff did not initiate this case until April 5, 2012. Plaintiff argues that the two-year statute of limitations did not begin to run until August 2010 when Plaintiff's current counsel (who was acting as counsel for Mr. Neff in the state court proceedings), deposed a Pickaway County employee. Plaintiff argues there is a difference "between the time the Plaintiff became aware that there were problems with the Waterways and when it first learned that Defendants' Pickaway County (and the NRCS) failed to follow the Federal Laws." (Pl.'s Response at 11). Plaintiff references the "discovery rule" that the "cause of action accrues when the plaintiff discovers, or in the exercise of reasonable care should have discovered that he or she was injured by the wrongful conduct of the defendant." *O'Stricker v. Jim Walter Corp.*, 4 Ohio St.3d 84 (1983).

Defendant Pickaway County, however, argues that the question is not when the Plaintiff specifically discovered that the alleged defects in the waterways were caused by the conduct of Pickaway County, but when Plaintiff discovered the existence of the defects themselves. Pickaway County relies on *Fifth Third Bank v. Cope*, 162 Ohio App. 3d 838 (12th Dist. 2005), in support of its argument. In Cope, a property owner who purchased a home that was built on a closed landfill

sued the seller, developer and the City and City Manager in which the home was located.  Plaintiff alleged that the City and City Manager negligently inspected the construction of the home.  The City and City Manager argued that the two-year statute of limitations applied, and Plaintiff countered that the statute of limitations did not begin to run until he learned in discovery of the City's negligence related to inspection of the construction of the house.  The trial court granted summary judgment and it was affirmed on appeal.  The court found that under the discovery rule, the statute of limitations was triggered when the plaintiff discovered the defects in the home, not when it determined the City's role in those damages.  *Id.* at 853.

Like in *Cope*, Plaintiff had notice of the alleged defects in the waterways no later than May 20, 2009, when it filed its Motion to Intervene in the state court proceedings.  The Court takes judicial notice of those pleadings.  *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999); *Midland Nat'l Life Ins. Co. v. Manges*, 2010 U.S. Dist. LEXIS 134815, at *10 (S.D. Ohio 2010) ("[I]n deciding a motion for judgment on the pleadings, the Court may take judicial notice of the records of another court.").  Therefore, Plaintiff's own pleadings in the state court proceedings establish that it had sufficient knowledge of the existence of the alleged defects in the waterways on May 20, 2009, to trigger the statute of limitations for its tort claims against Pickaway County. The statute of limitations expired on May 20, 2011.  Plaintiff did not file this action until April 5, 2012, therefore its claims against Defendant Pickaway County are time barred and hereby dismissed.

### D.    Defendant Douglas Kohli's Motion to Dismiss

Defendant Douglas Kohli also moves to dismiss Plaintiff's claims against him on the basis of the statute of limitations.  Plaintiff has not responded to this Motion.  Like Pickaway County above, the two-year statute of limitations also applies to Plaintiff's claims against Defendant Kohli.

16

According to the Amended Complaint, Plaintiff alleges it became aware of Kohli's alleged wrongful conduct sometime in August 2010.  Therefore, the two-year statute of limitations expired on August 31, 2012.  Plaintiff, however, did not seek leave to amend to add Kohli as a Defendant in this case until April 22, 2013.  (Doc. 32).

Further, Plaintiff's claims do not relate back to the filing of the original complaint under Rule 15(C) of the Federal Rules of Civil Procedure.  The Sixth Circuit has held that the relation-back rule in inapplicable to amendments that name additional parties, rather than merely correcting a misnomer or effecting a substitution of parties.  *See In re Kent Holland Die Casting & Plating, Inc*., 928 F.2d 1448, 1449 (6th Cir. 1991) ("[A]n amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.").  The "relation-back doctrine requires that the newly added party receive sufficient notice of the action and that the delay in the addition of the new party be the result of a 'mistake concerning the party's identity.'" *Moore v. Tennessee*, 267 Fed. Appx. 450, 455 (6th Cir. 2008).  There is no allegation or any evidence that Plaintiff was "mistaken" about Kohli's identity such that the proposed claims against him should relate back to the date of the filing of the original complaint.

Finally, even if this Court permitted those claims to relate-back, Plaintiff's claims against Kohli would still be time-barred for the same reasons Plaintiff's claims against Defendant Pickaway County are time-barred.

Accordingly, Plaintiff's claims against Defendant Kohli are hereby dismissed as time-barred.

## IV.    CONCLUSION

Based on the aforementioned, the Court **GRANTS** Defendant Natural Resources Conservation Service's Motion to Dismiss (Doc. 16); **GRANTS** Defendants Watershed

Management, LLC and Carl Hamman's Motion to Dismiss the First Amended Complaint (Doc. 43);

**GRANTS** Defendant Pickaway County Soil and Water Conservation District's Motion to Dismiss for Lack of Jurisdiction (Doc. 30); and **GRANTS** Defendant Douglas Kohli's Motion to Dismiss for Failure to State a Claim (Doc. 42).  Defendants Watershed Management, LLC and Carl Hamman's Motion for Judgment on the Pleadings (Doc. 17) is dismissed as **MOOT**.

The Clerk shall remove Documents 16, 17, 30, 42, and 43 from the Court's pending motions list.  The Clerk shall dismiss this case.

**IT IS SO ORDERED.**

  */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**

18